

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00119-CV

**IN THE INTEREST OF L.R.L.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-PA-01591
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  July 6, 2016

AFFIRMED

The sole issue presented in this appeal of an order terminating Tiffany B.'s parental rights is whether the trial court abused its discretion in denying her motion for continuance. We hold the trial court did not abuse its discretion and affirm the trial court's order.

### BACKGROUND

The Texas Department of Family and Protective Services received a referral for neglectful supervision of L.R.L when he was one month old. The referral was based on concerns about Tiffany B.'s drug use. Although the Department initially attempted a safety plan prior to filing a petition to terminate Tiffany B.'s parental rights, Tiffany B. tested positive for marijuana while L.R.L. was still in her care.

The Department filed its petition on July 29, 2015. At the initial hearing on an order for protection held August 10, 2015, Tiffany B. agreed for L.R.L. to be placed in the Department's care while she worked a service plan. The case worker noted this was the third termination case filed against Tiffany B., and her rights to five other children were terminated. At the conclusion of the hearing, the trial court addressed Tiffany B. reminding her she had been down this road before and she was going to need to get to work fast. The trial court concluded by stating, "And given the history you've got to really prove yourself here."

On September 29, 2015, Tiffany B. was not present at the sixty-day status hearing because she was in jail. Although Tiffany B. had scheduled an appointment to review her service plan with the case worker before she was arrested, she did not show up for the appointment. The case worker testified Tiffany B. was being held in jail on four different felony charges. At the conclusion of the hearing, the trial court set the next review hearing for January 26, 2016, and trial date for February 11, 2016.

On January 26, 2016, the case worker testified Tiffany B. had not completed any services and had failed to pay child support. Specifically, the case worker stated Tiffany B. had not obtained appropriate housing or employment and had not submitted to drug testing. Tiffany B. did attend an initial intake session with an outpatient drug treatment facility on January 7, 2016; however, the case worker had not received a report from that session. Although the Department was previously willing to give Tiffany B. credit for parenting classes she had completed in the past, the case worker stated Tiffany B. would now have to redo those classes because she had not had any contact with the Department from August 10, 2015 until she was released from custody in November of 2015. In response to what information the case worker would need to see in order to recommend that the court give Tiffany B. additional time to complete her service plan, the case worker stated:

> I need documentation of NA meetings, her attempting to find employment. I know she's been to one therapy session, she's doing her outpatient, but I would need her to engage in her services for parenting and domestic violence. I just need documentation to that.
> Her drug testing, she's been telling me since December she was going to get an ID and she has not.

Although Tiffany B. would typically need an ID for drug testing, the case worker offered to go to the facility to identify her, but Tiffany B. did not call the case worker to go. When the case worker asked Tiffany B. why she did not call, Tiffany B. stated she had a job interview and forgot. At the conclusion of the hearing, the trial court ordered Tiffany B. to meet the case worker at the drug testing facility the following day for a hair follicle test.

On February 11, 2016, the case was called for trial, and Tiffany B.'s attorney announced not ready and informed the trial court he had filed a motion for continuance. He further stated Tiffany B. was not then present in the courtroom because she had worked the night shift and was having trouble finding transportation.[1] Tiffany B.'s attorney argued the case was set for trial faster than normal, and Tiffany B. was in custody for six weeks during the time the case was pending. Tiffany B.'s attorney requested the continuance to give Tiffany B. sufficient time to complete her service plan. L.R.L.'s ad litem attorney responded that Tiffany B. had been released from jail in November and had only started the outpatient drug treatment in January from which she had since been discharged for failing to appear. The ad litem further noted Tiffany B. had three felony trial settings relating to drugs and had violation reports on her bonds relating to drugs. The Department's attorney noted one of the three felony drug offenses was within the last two months, demonstrating Tiffany B. is still continuing to use drugs.

After the trial court denied the motion for continuance, the trial proceeded. The case worker testified Tiffany B. tested positive for marijuana one month after L.R.L. was born. After

---

[1] Tiffany B. eventually arrived in the courtroom an hour and a half after the case was called.

a safety plan with family members broke down, the Department filed a petition to terminate Tiffany B.'s parental rights. Tiffany B. was in jail on drug charges from September 24, 2015 to November 12, 2015. After she was released from jail pending trial on one felony charge of possession of drugs and two felony charges of possession with intent to deliver, she enrolled in an outpatient drug treatment program; however, she was discharged from the program on February 4, 2016 due to lack of attendance. Her last attendance date was January 19, 2016. At the January 26, 2016 review hearing, the trial court ordered Tiffany B. to complete a drug test the following day, but she did not show. The case worker sent Tiffany B. for a drug test on February 5, 2016, the Friday before trial, and she tested positive for marijuana. Tiffany B. also had violation reports on her bonds for positive drug tests in December of 2015. Tiffany B. attended one intake session for individual therapy in January of 2016 and attended one therapy appointment; however, she missed her second therapy appointment. Tiffany B. had moved several times throughout the case, and Tiffany B. had provided the case worker with a new address the day before trial. Tiffany B. had sporadic visitation with L.R.L. and had not completed domestic violence or parenting classes. Tiffany B.'s rights to her other children were terminated. The case worker testified L.R.L. is nine months old, has been in the same foster-to-adopt home since the day after he was removed, and has bonded with his foster parents.

Tiffany B. testified she independently enrolled in the outpatient drug treatment program on December 18, 2015.[2] She stated she was discharged from the program because she had transportation problems, but she scheduled an appointment for another assessment on the Wednesday following the trial. She also scheduled an appointment to begin domestic violence classes on the Monday following the trial. Tiffany B. testified her criminal cases were set for

---

[2] At the January 26, 2016 hearing, the case worker testified Tiffany B.'s intake session was on January 7, 2016.

February 16, 2016. She started a job the Monday before trial at a warehouse working the night shift. Tiffany B. testified she recently moved in with her cousin who provided her with transportation, and her new house was also located on the bus line. Tiffany B. was unaware that her cousin had outstanding warrants and a pending criminal case. Tiffany B. asked the court to give her more time to continue working her service plan.

At the conclusion of the trial, the trial court signed an order terminating Tiffany B.'s parental rights based on the following grounds: (1) engaging in conduct or knowingly placing L.R.L. with persons who engaged in conduct which endangered the physical and emotional well-being of L.R.L.; (2) constructively abandoning L.R.L.; and (3) using a controlled substance in a manner that endangered L.R.L.'s health or safety and failing to complete a court-ordered substance abuse treatment program. Tiffany B. appeals.

## DISCUSSION

The only issue raised in Tiffany B.'s brief is a challenge to the trial court's denial of her motion for continuance. Tiffany B. argues the denial of her motion for continuance was an abuse of discretion and a violation of her due process rights and her right to effective representation by counsel.

We review a trial court's denial of a motion for continuance under an abuse of discretion standard. *In re H.R.*, 87 S.W.3d 691, 701 (Tex. App.—San Antonio 2002, no pet.). A trial court does not abuse its discretion in denying a continuance requested by a parent in order to complete a service plan when the parent, through her own choices, fails to comply with the termination plan by the time of trial. *In re M.D.W.*, No. 02-13-00013-CV, 2013 WL 3326664, at *3 (Tex. App.—Fort Worth June 27, 2013, pet. denied) (mem. op.). Tiffany B. refers to her inability to work her plan during the six weeks she was incarcerated, but it was Tiffany B.'s choices that led to her incarceration. Moreover, Tiffany B. had three months from the date she was released from jail to

work her plan. In that time, Tiffany B. had enrolled in but was discharged from an outpatient drug treatment program and tested positive for drug use. Tiffany B. did not make any further efforts to work her plan until the week of trial, and Tiffany B. had a court setting for three pending felony drug charges which also could affect her ability to continue working her plan. Finally, we note that even if Tiffany B. had been granted more time to complete her service plan, she "cannot demonstrate that the result of the termination trial would have changed because [her] parental rights were not terminated for failing to complete [her] service plan but instead were terminated for other statutory reasons." *In re M.M.F.*, No. 2-08-014-CV, 2008 WL 5265033, at \*13 (Tex. App.—Fort Worth Dec. 18, 2008, no pet.) (mem. op.). Accordingly, we hold the trial court did not abuse its discretion by denying Tiffany B.'s motion for continuance.

## CONCLUSION

The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice